IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NORFLEET RICHARDSON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08 CV 2348 |
| | ) |
| **BOVIS LEND LEASE, INC.**, | ) Judge Shadur |
| | ) |
| Defendant. | ) Magistrate Judge Ashman |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Bovis Lend Lease, Inc. ("Bovis"), by and through its attorneys, Winston & Strawn LLP, hereby answers Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violations of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 23 U.S.C. §§ 2000e et seq., and by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:** Defendant admits only that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1981, but denies any and all allegations of wrongdoing and further denies that Plaintiff is entitled to any relief whatsoever.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Defendant acknowledges that Plaintiff asserts various bases for and legal conclusions concerning jurisdiction, to which no answer is required, but denies any and all actions of wrongdoing and further denies that Plaintiff is entitled to any relief whatsoever.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**ANSWER:** Defendant acknowledges that Plaintiff asserts various bases for and legal conclusions concerning venue, to which no answer is required, but denies any and all actions of wrongdoing and further denies that Plaintiff is entitled to any relief whatsoever.

## PARTIES

4. Plaintiff, Norfleet Richardson, is an African American citizen of the United States who resides in Illinois.

**ANSWER:** Upon information and belief, Defendant admits the allegations in paragraph 4.

5. Defendant, Bovis Lend Lease is a Florida corporation, which has continuously, and does now employ more that fifteen (15) employees and is engaged in an industry that affects commerce and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b).

**ANSWER:** Defendant admits the first sentence of paragraph 5. The second sentence of paragraph 5 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the second sentence of paragraph 5.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on April 23, 2008. The EEOC issues (sic) Plaintiff a Right to Sue on May 2, 2008, which was received on May 6, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:** Defendant admits that Plaintiff filed an amended Charge of Discrimination against Defendant with the EEOC on or around April 23, 2008. Answering further, Defendant admits that the EEOC issued Plaintiff a Right to Sue notice on or around May 2, 2008. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in the remainder of the second sentence. The third sentence of paragraph 6 calls for a

legal conclusion to which no response is required. To the extent a response is required, Defendant admits that a Notice of Right to Sue generally entitles a charging party to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Defendant denies that Plaintiff initiated this action within said ninety (90) day period. Answering further, Defendant denies any and all actions of wrongdoing and further denies that Plaintiff is entitled to any relief whatsoever.

### **COUNT I - 42 U.S.C. 1981-RACE DISCRIMINATION**

7. Paragraphs one (1) through five (6) are incorporated by reference as if fully set out herein.

**ANSWER:** Defendant restates and incorporates herein the answers to paragraphs one (1) through six (6) as if fully set forth herein.

8. Plaintiff began his employment with Defendant in May 2005 as a Laborer. Throughout the duration of his tenure with Defendant, Plaintiff (sic) performance met or exceeded Defendant's legitimate expectations, as exemplified by his attendance record, punctuality, and his willingness to work overtime.

**ANSWER:** Defendant admits only that Plaintiff was first employed by Bovis in May 2005 as a Laborer and that Plaintiff's work performance was barely meeting the minimum requirements for his position. Except as expressly admitted, Defendant denies the remaining allegations of paragraph 8.

9. Since beginning his employment with Defendant, Plaintiff was subjected to a campaign of hostile and abusive treatment in his employment resulting from Defendant's animus against African Americans. Examples of such hostile treatment include:

   a. Plaintiff was terminated the day he began his employment with Defendant in May 2005 for the purported reason of not belonging to a "Black Coalition." Plaintiff was ultimately reinstated as a result of Union intervention.

   b. From February 2006 through November 2006, when Plaintiff was working at Defendant's location at the Schubert Theater, Plaintiff

3

        was subjected to consistent racial harassment by his coworkers, including Ralph, a Laborer. Defendant ultimately promoted Ralph and gave him authority over the terms and conditions of Plaintiff's employment. During the time Plaintiff was employed at Defendant's Schubert Theater location, Ralph repeatedly made comments about how he disliked black people, and referred to a mixed race Laborer named Jenson as a "Nappy Headed Bastard." Further, at this time Ralph set Plaintiff up for termination by causing Plaintiff to be blamed for an incident where Defendant's fire alarm went off and stealing his company phone.

    c.    In response to being made aware of the hostile, abusive, and racist language and conduct against Plaintiff, Superintendent Andy told Plaintiff "you must be doing something to provoke it."

    d.    In November 2006, Plaintiff was informed by Caucasian Superintendent Andy that he was being transferred to the Cottage Grove project because the supervisor at Cottage Grove, Caucasian Dan Fitzpatrick, wanted to terminate a black laborer, but believed he could not do so without replacing him with another black laborer because these were "minority jobs."

    e.    While working on the Cottage Grove project, Defendant sent Hispanic Maria Torrez to work with Plaintiff. Even though Defendant's management was aware that Torrez was not performing her duties, Plaintiff was forced to perform her duties in addition to his own in spite of the fact that Torrez received the same hourly wage as Plaintiff.

    f.    Contrary to Defendant's policies and procedures, Plaintiff was repeatedly forced to report to other non-African-American laborers with less seniority in a manner not afforded to his similarly situated non-African-American coworkers.

    g.    While working at the One Museum Park job sites, Plaintiff was threatened by a laborer named Oscar who flipped his knife out in front of Plaintiff, stating that he was "quick to cut a nigger."

    h.    On a separate occasion, while working at the One Museum Park Job sites, Gary, a Caucasian Laborer, directed Plaintiff to a swastika written on the wall and asked Plaintiff if he knew what it meant.

**ANSWER:**    Defendant denies the allegations in paragraph 9.

    10.    In 2007, Defendant promoted Ralph to the position of Labor Foreman. Ralph's position as Labor Foreman gave him control over the terms and

4

conditions of employment for many of Defendant's African American laborers, including the terms and conditions of Plaintiff's employment.

**ANSWER:** Defendant admits that Ralph Vieyra, a Hispanic male, was promoted to the position of Labor Foreman in 2007. Answering further, Defendant admits only that Ralph Vieyra, as a Labor Foreman, generally has some management responsibility for the Laborers, regardless of race, but that decisions regarding staffing rotations, hiring, and firing are made with the additional input and approval from the Bovis Lend Lease Project Management team and specifically Superintendents on the job. Except as expressly admitted, Defendant denies the remaining allegations, whether express or implied, in paragraph 10.

11. During the course of Plaintiff's employment with Defendant, many members of Defendant's management, including, but not limited to, Dan Fitzpatrick, Ralph, and Rick Pedia targeted numerous African American laborers for termination, including, but not limited to, African American Laborer Brian Flagst, African American Laborer Steve, African American Laborer Less, African American Laborer Bobby, African American Laborer Ben and African American Laborer Tony.

**ANSWER:** Defendant denies the allegations in paragraph 11.

12. In November 2007, Plaintiff was directed by Ralph to work at the One Museum Park job sites where he could isolate Plaintiff as the only African American Laborer working at this job site.

**ANSWER:** Defendant denies the allegations in paragraph 12.

13. While working at the One Museum Park job sites, Plaintiff was denied the opportunity to work Sundays, even though all his similarly situated non-African-American laborers, including new workers with substantially less seniority, were permitted to work on Sundays.

**ANSWER:** Defendant denies the allegations in paragraph 13.

14. On March 5, 2008, Ralph, who had previously made racist comments to Plaintiff, went to the One Museum Park job sites for the express purpose of terminating Plaintiff's employment. During this meeting, Ralph terminated Plaintiff's employment for the purported reasons that the work had slowed down, indicating that Plaintiff's work performance was not a cause (sic) the termination of his employment.

**ANSWER:** Defendant denies the first sentence in paragraph 14. Answering further, Defendant admits that work at the One Museum Park job site (and other job sites) had slowed down and as a result, it terminated the employment of Plaintiff. Except as expressly admitted, Defendant denies the remaining allegations, whether express or implied, in paragraph 14.

15. On information and belief, the termination of Plaintiff's employment was in violation of Defendant's Collective Bargaining Agreement with its laborers.

**ANSWER:** Defendant denies the allegations in paragraph 15.

16. Plaintiff was the only laborer at the One Museum Park job sites who was terminated by Defendant during this time, and all the other non-African-American laborers at this location, even those with less experience than Plaintiff, continued their employment with Defendant.

**ANSWER:** Defendant admits that economic conditions and the work slow down required that only one laborer be rolled off the job at that time. Answering further, Defendant admits that certain remaining employees continued to work at the job site for a period of time. Except as expressly admitted, Defendant denies the remaining allegations, whether express or implied, in paragraph 16.

17. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African American, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

**ANSWER:** Defendant denies the allegations in paragraph 17.

18. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including

6

      but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

**ANSWER:** Defendant denies the allegations in paragraph 18.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Norfleet Richardson, prays for judgment against Defendant and respectfully requests that this Court:

    A.    Declare the conduct of the Defendant to be in violation of rights guaranteed to Plaintiff under appropriate federal law;

    B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment in any employment practices that unlawfully discriminates (sic) on the basis of race;

    C.    Order Defendant to make whole Norfleet Richardson by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

    D.    Order Defendant to pay lost, foregone, and future wages to Norfleet Richardson;

    E.    Grant the Plaintiff consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

    F.    Grant the Plaintiff his attorneys' fees, costs and disbursements; and

    G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief requested in the unnumbered WHEREFORE paragraph or that Plaintiff is entitled to any relief whatsoever.

## COUNT II - TITLE VII - RACE DISCRIMINATION

19. Paragraphs one (1) through eighteen (18) are incorporated by reference as if fully set out herein.

**ANSWER:** Defendant restates and incorporates herein the answers to paragraphs one (1) through eighteen (18) as if fully set forth herein.

20. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of his race, African American, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

**ANSWER:** Defendant denies the allegations in paragraph 20.

21. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

**ANSWER:** Defendant denies the allegations in paragraph 21.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Norfleet Richardson, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of the Defendant to violate the rights guaranteed to Plaintiff under appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully discriminates (sic) on the basis of race;

C. Order Defendant to make whole Norfleet Richardson by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to Norfleet Richardson;

      E.      Grant the Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant. (sic)

      F.      Grant the Plaintiff his attorneys' fees, costs and disbursements; and

      G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief requested in the unnumbered WHEREFORE paragraph or that Plaintiff is entitled to any relief whatsoever.

## JURY TRIAL DEMAND

22.      Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**ANSWER:** Defendant admits that Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint, but denies any and all actions of wrongdoing and further denies that Plaintiff is entitled to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Defendant reserves the right to assert other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1.      Defendant has a legitimate, non-discriminatory reason for any alleged adverse employment action. As work at the One Museum Park job site had slowed and economic conditions deteriorated, making transfer to another job site unavailable, Plaintiff and other laborers were terminated.

2.      Plaintiff fails to state a claim for which relief many be granted.

3. Some or all of the purported claims and/or some or all of the relief requested in the Complaint are barred because, even if any unlawful conduct occurred (which Defendant denies), such conduct was prohibited by Defendant's policies and was not committed, countenanced, ratified, or approved by Defendant's higher management.

4. Some or all of the purported claims and/or some or all of the relief requested in the Complaint are barred because, even if any unlawful harassment or conduct occurred (which Defendant denies), such conduct was prohibited by Defendant's policies and was not within the actual or constructive knowledge of Defendant's higher management.

5. Some or all of the purported claims and/or some or all of the relief requested in the Complaint are barred because, even if any unlawful harassment or conduct occurred (which Defendant denies), Defendant cannot be held vicariously liable for alleged harassment or other misconduct which is contrary to Defendant's express policies, procedures, and good faith efforts to comply with applicable laws.

6. Some or all of the purported claims and/or some or all of the relief requested in the Complaint are barred because Defendant maintained, disseminated and enforced clear policies against harassment, discrimination or any other discriminatory conduct; because Defendant established reasonable and effective means of reporting and seeking relief from conduct believed to be harassing or discriminatory; and because Defendant acted in accordance with these policies at all times.

7. Some or all of Plaintiff's claims are barred because any alleged misconduct by employees of Defendant (and Defendant denies that any such conduct occurred) was outside the scope and authority of their employment and they were not acting as agents of Defendant.

8. Some or all of Plaintiff's claims are barred because there is no basis for employer liability in that the alleged harassers were co-workers with no supervisory capacity, and Defendant was not negligent in responding to Plaintiff's allegations of harassment.

9. Some or all of Plaintiff's claims are barred because Plaintiff never complained of or reported any alleged harassing or discriminatory conduct.

10. Defendant exercised reasonable care to prevent and promptly correct all such acts alleged to be unlawful in the Complaint, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

11. Plaintiff's request for compensatory or punitive damages is barred because Defendant did not act with malice, willfulness, or reckless indifference to his protected rights.

12. Plaintiff has failed to mitigate his damages, if any.

13. Plaintiff is not entitled to attorneys' fees and costs.

14. Some or all of the purported claims and/or some or all of the relief requested in the Complaint are barred because Plaintiff was not injured in the manner or to the extent alleged.

15. Some or all of the purported claims and/or some or all of the relief requested in the Complaint are preempted under Section 301 of the Labor Management Relations Act to the extent that some or all of the claims require interpretation and application of the collective bargaining agreement that stated the terms and conditions of Plaintiff's employment.

16. Some or all of Plaintiff's claims are barred because Defendant would have made the same decision with respect to Plaintiff's employment even if there had been no racially discriminatory motive (and Defendant denies that any such motive existed).

17.　　Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed with prejudice and that it be awarded attorney's fees and costs and such other and further relief as the Court may deem appropriate and just.

>Respectfully submitted,
>
>BOVIS LEND LEASE, INC.
>
>
>/s/  Kevin M. Cloutier
>One of the Attorneys for Defendant

Kevin M. Cloutier
Jeff D. Perconte
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(T) 312-558-5600
(F) 312-558-5700
kcloutier@winston.com

## **CERTIFICATE OF SERVICE**

       I certify that on the 20th day of May, 2008, I caused a copy of Defendant Bovis Lend Lease, Inc.'s Answers to Plaintiff's First Amended Complaint to be o be electronically filed with the Clerk of the Court using the CM/ECF system and sent to Plaintiff through the Court's electronic filing system:

Lisa Kane<br>
Lisa Kane & Associates, P.C.<br>
120 South LaSalle Street, Suite 1420<br>
Chicago, IL 60603

                                                  __/s/ Kevin M. Cloutier_____
                                                  One of the Attorneys for Defendant

CHI:2095052.2