```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

NORFLEET RICHARDSON,            )
                                )
                 Plaintiff,     )
                                )
     v.                         )    No.  08 C 2348
                                )
BOVIS LEND LEASE, INC.,         )
                                )
                 Defendant.     )
```

MEMORANDUM ORDER

Counsel for Bovis Lend Lease, Inc. ("Bovis") have filed an Answer to the First Amended Complaint ("FAC") brought against their client by Norfleet Richardson. This sua sponte memorandum order is issued to address some problematic aspects of that responsive pleading.

To begin with, counsel are simply wrong in asserting (Answer ¶¶2 and 3) that "no answer is required" to the FAC allegations as to jurisdiction and venue. Notice pleading must be adhered to by defendants as well as plaintiffs, and a defendant has an obligation to front any challenges to jurisdiction or venue rather than leaving those subjects in an uncertain state.

Next, Answer ¶¶5 and 6 are equally wrong in stating that "no response is required" to a "legal conclusion" in a complaint. To the contrary, legal conclusions are an integral part of pleading (think about it--what can fit that description better than an allegation as to jurisdiction, expressly required by Fed. R. Civ. P. ("Rule") 8(a)(1)?). In that respect, see App. ¶2 to State

Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Finally, the parade of 17 affirmative defenses ("ADs") that follow the answering paragraphs defeats the entire purpose of notice pleading. Any ADs that are inconsistent with acceptance of the FAC's allegations as gospel do not conform to the requirements of Rule 8(c) and the caselaw construing it (see also App. ¶5 to State Farm). Moreover, counsel's continual assertions that "some or all of the purported claims and/or some or all of the relief requested in the Complaint" are barred on various grounds is singularly uninformative.

That everything-but-the-kitchen-sink approach is really unacceptable. Accordingly the ADs are stricken in their entirety, without prejudice to Bovis' counsel returning to the drawing board to consider the possible reassertion of some of them in a more studied form. And as indicated earlier, Answer ¶¶2, 3, 5 and 6 are also stricken, but with leave to replead via an amendment to the Answer (not a fully self-contained Amended Answer) on or before June 2, 2008.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 22, 2008

2