**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NORFLEET RICHARDSON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 2348 |
| | ) | |
| **BOVIS LEND LEASE, INC.**, | ) | Judge Shadur |
| | ) | |
| Defendant. | ) | Magistrate Judge Ashman |

**AMENDMENT TO ANSWER TO FIRST AMENDED COMPLAINT**

Pursuant to the Court's Order of May 22, 2008, Defendant, Bovis Lend Lease, Inc. ("Bovis"), by and through its attorneys, Winston & Strawn LLP, hereby amends its Answer to Plaintiff's Complaint as follows:

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Defendant admits that jurisdiction is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331. Answering further, Defendant admits only that Plaintiff purports to bring this action to redress deprivation of rights secured by 42 U.S.C. § 1981 and that Plaintiff purports to seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Answering further, Defendant denies any and all actions of wrongdoing and further denies that Plaintiff is entitled to any relief whatsoever.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**ANSWER:** Defendant admits the allegations in paragraph 3.

## PARTIES

5. Defendant, Bovis Lend Lease is a Florida corporation, which has continuously, and does now employ more that fifteen (15) employees and is engaged in an industry that affects commerce and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b).

**ANSWER:** Defendant admits the allegations in paragraph 5.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on April 23, 2008. The EEOC issues (sic) Plaintiff a Right to Sue on May 2, 2008, which was received on May 6, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:** Defendant admits that Plaintiff filed an amended Charge of Discrimination against Defendant with the EEOC on or around April 23, 2008. Answering further, Defendant admits that the EEOC issued Plaintiff a Right to Sue notice on or around May 2, 2008. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the remainder of the second sentence. Defendant admits that the Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Defendant denies that Plaintiff initiated this action within said ninety (90) day period.

## AFFIRMATIVE DEFENSES

Defendant hereby states the following affirmative defenses to the Complaint. Defendant reserves the right to assert other affirmative defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1. Defendant cannot be held vicariously liable for alleged harassment or other misconduct which is contrary to Defendant's express policies, procedures, and good faith efforts to comply with applicable laws. Defendant maintained, disseminated and enforced clear policies against harassment, discrimination or any other discriminatory conduct. Defendant's "No Harassment" policy specifically provides:

> The Company prohibits any form of unlawful employee harassment based on race, color, religion, age, sex, sexual orientation, disability, national origin, citizenship, marital status, veteran status or any other characteristics protected by applicable federal, state or local law. Accordingly, derogatory racial, ethnic, religious, age, sexual orientation, sexual or any inappropriate remarks, slurs, jokes or written or graphic materials will not be tolerated. . . . Each Bovis Lend Lease employee is expected to assist Bovis Lend Lease in preventing or eliminating harassment by . . . bringing perceived harassment or discrimination to the attention of management and the Human Resources Department.

Furthermore, Defendant's "Procedures to Report a Complaint" policy provides:

> Any employee who believes that he or she is or may be subject to objectionable conduct including discriminatory behavior either at work, at a Company-sponsored event, or at one of our job sites should report it immediately to **his or her manager, the Area Human Resource Director or the Senior Vice President of Human Resources**. Alternately, employees who are not comfortable reporting to a supervisor or Human Resources representative may report any such objectionable conduct through the Bovis Lend Lease **Confidential Hotline at 1 888 837 8021**.
>
> Employees should not allow an inappropriate situation to continue by not reporting it, regardless of who is creating that situation. No employee in this organization is exempt from this policy. In response to every complaint, Bovis Lend Lease will take prompt

3

investigatory actions, and corrective and preventive actions where appropriate or necessary. In order for Bovis Lend Lease to do so, all employees with any knowledge of facts concerning potential violations of this policy are required to cooperate with Bovis Lend Lease in its investigation. Retaliation of any kind against the employee bringing the complaint, or those employees cooperating with an investigation, is strictly prohibited. Any employee who is found to have engaged in objectionable conduct is subject to discipline up to and including termination of employment.

Because Defendant established reasonable and effective means of reporting and seeking relief from conduct believed to be harassing or discriminatory, and because Defendant acted in accordance with these policies at all times, Defendant cannot be held vicariously liable. Any unlawful conduct alleged in the Complaint was undertaken by Plaintiff's co-workers and was expressly prohibited by Defendant's "No Harassment" Policy. Further, Plaintiff never complained under or otherwise took advantage of Defendant's "No Harassment" policy and Defendant and its higher management had no actual or constructive knowledge of any allegedly unlawful conduct.

2. Upon information and belief, Plaintiff has failed to mitigate his damages.

3. Plaintiff's Title VII claim is barred by the applicable statute of limitations. Plaintiff's allegations arising from conduct allegedly occurring prior to June 16, 2007 are time-barred under Title VII to the extent Plaintiff's EEOC charges were not brought within 300 days of the alleged conduct.

Respectfully submitted,

BOVIS LEND LEASE, INC.

/s/  Kevin M. Cloutier
One of the Attorneys for Defendant

Kevin M. Cloutier
Jeffrey D. Perconte
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(T) 312-558-5600
(F) 312-558-5700
kcloutier@winston.com

## **CERTIFICATE OF SERVICE**

       I certify that on the 2nd day of June, 2008, I caused a copy of Defendant Bovis Lend Lease, Inc.'s Amendment to Answers to Plaintiff's First Amended Complaint to be electronically filed with the Clerk of the Court using the CM/ECF system and sent to Plaintiff through the Court's electronic filing system:

Lisa Kane<br>
Lisa Kane & Associates, P.C.<br>
120 South LaSalle Street, Suite 1420<br>
Chicago, IL 60603

                                                                   __/s/  Kevin M. Cloutier _____<br>
                                                                   One of the Attorneys for Defendant

CHI:2096473.4